

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

ENTERED
04/23/2018

| | | |
|---|---|---|
| IN RE: | § | |
| **DONALD R PRESCOTT; dba PRESCOTT** | § | **CASE NO: 17-10199** |
| Debtor(s) | § | |
| | § | **CHAPTER  13** |
| | § | |
| **DONALD R. PRESCOTT** | § | |
| Plaintiff(s) | § | |
| | § | |
| VS. | § | **ADVERSARY NO. 17-01007** |
| | § | |
| **WELLS FARGO BANK, N.A.** | § | |
| Defendant(s) | § | |

## <u>MEMORANDUM OPINION</u>

Donald R. Prescott alleges that Wells Fargo Bank, N.A., violated the Real Estate Settlement Procedures Act and the Truth in Lending Act by failing to respond to Prescott's qualified written requests for information in accordance with the requirements of 12 U.S.C. § 2605(e).  Because Prescott has failed to plead a complete cause of action under either statute, the Court grants summary judgment to Wells Fargo Bank, N.A. on these claims.

### BACKGROUND

On November 29, 2010, Donald R. Prescott filed a chapter 13 bankruptcy petition (the 2010 Case).  (Case No. 10-10817, ECF 1).  Wells Fargo Bank, N.A. (Wells Fargo) filed a proof of claim for payments owed on a promissory note executed by Prescott in May of 2008.  (Case No. 10-10817, Claim 5-1; Case No. 17-01007, ECF 6 at 5-6, ECF 8 at 2–3).  In accordance with the Court's Confirmation Order in that case, the Chapter 13 Trustee made certain payments to Wells Fargo on behalf of Prescott in order to cure monetary defaults and bring Prescott's loan current.  (Case No. 17-01007, ECF 19 at 11; ECF 20 at 16).  The Court issued an Order on

February 28, 2017, that held the bankruptcy estate was fully administered and closed the 2010 Case.  (Case No. 17-01007, ECF 83).

Although the Trustee in the 2010 Case made all necessary payments in accordance with the Confirmation Order, the parties dispute whether those payments were credited correctly and to what extent Prescott's debt to Wells Fargo was satisfied[1] by those payments.  (Case No. 17-01007, ECF 6 at 13–15; ECF 19 at 14).  According to Prescott, this disagreement prompted Prescott to file a new chapter 13 bankruptcy case and initiate this adversary proceeding against Wells Fargo.  (Case No. 17-01007, ECF 6 at 1–2, 12).  In this adversary proceeding, Prescott alleges, among other things, that Wells Fargo violated the Real Estate Settlement Procedures Act (RESPA) and the Truth in Lending Act (TILA) by responding to certain of Prescott's requests for information with "erroneous and false information" by "specifically alleging that Wells Fargo accounting was correct and that all credits were applied as required."  (Case No. 17-01007, ECF 6 at 25).  Prescott claims that "Wells Fargo's failure to respond appropriately and to provide correct information to [Prescott's attorney's] Request for Information violates both 12 U.S.C. § 2605(e)(1) (RESPA) and 15 U.S.C. §1641(f)."  (Case No. 17-01007, ECF 1 at 23).  Moreover, Prescott argues that Wells Fargo's failure "to appropriately respond" to his counsel's information requests establishes a "pattern or practice of failing to comply" with RESPA and TILA.  (Case No. 17-01007, ECF 1 at 23).

On February 16, 2018, Prescott and Wells Fargo filed cross-motions for summary judgment.  (Case No. 17-01007, ECF 19; 20).  Wells Fargo argues, in part, for summary judgment on Prescott's RESPA and TILA claims, asserting that these claims fail as a matter of

---

[1] The parties refer to the discharge of the debt.  Because the debt is on Prescott's principal residence, it was not subject to discharge.  *See* 11 U.S.C. § 1328(1).  Nevertheless, 11 U.S.C. § 524(i) creates a cause of action for violation of the discharge injunction if a creditor misapplies plan payments.  *In re Pompa*, No. 11-03651, 2012 WL 2571156 at *7 (Bankr. S.D. Tex. June 29, 2012).

law.  (Case No. 17-01007, ECF 19 at 27).  Wells Fargo argues: first, that no provision of RESPA or TILA provides Prescott with a cause of action for Wells Fargo's supplying "erroneous and false information" in response to a request for information; and second, that even if such a cause of action existed, Prescott has failed to allege that any RESPA or TILA violation caused him to suffer any actual damages.  (Case No. 17-01007, ECF 19 at 27–28).

## JURISDICTION & AUTHORITY

The District Court has jurisdiction over this proceeding under 28 U.S.C. § 1334(a). Pursuant to 28 U.S.C. § 157(a), this proceeding has been referred to the Bankruptcy Court by General Order 2012-6.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B).

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure Rule 56 is made applicable to bankruptcy proceedings by way of Federal Rule of Bankruptcy Procedure 7056.  FED. R. BANKR. P. 7056.  Rule 56 states that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  As such, a party seeking summary judgment must demonstrate: (i) an absence of evidence to support the non-moving party's claims or (ii) an absence of a genuine dispute of material fact.  *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006).  A genuine dispute of material fact is one that could affect the outcome of the action or allow a reasonable factfinder to find in favor of the non-moving party.  *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

A court views the facts and evidence in the light most favorable to the non-moving party at all times.  *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009).  Nevertheless, the Court is not obligated to search the record for the non-moving party's evidence.  *Malacara v.*

*Garber*, 353 F.3d 393, 405 (5th Cir. 2003).  The Court need consider only the cited materials, but it may consider other materials in the record.  FED.R.CIV.P. 56(c)(3).

<u>ANALYSIS</u>

**I.  RESPA**

Section 2605(e) of RESPA provides that any federal mortgage loan servicer in receipt of a qualified written request (QWR) from one of its borrowers for information about his or her loan must acknowledge that receipt within five days and respond in accordance with § 2605(e)(2) within thirty days.  12 U.S.C. § 2605(e)(1)-(2).  Section 2605(f) provides that in the case of an individual borrower, any loan servicer who "fails to comply with any provision of this section shall be liable to the borrower for each such failure" for "any *actual damages* to the borrower as a result of the failure."  In addition to actual damages, statutory damages may be awarded under certain circumstances.  12 U.S.C. § 2605(f).

To adequately state a claim for a violation of § 2605(e), a plaintiff must plead, among other things, that the alleged violation of § 2605(e)'s response requirements caused him actual damages.  *See Deal v. Bank of New York Mellon*, 619 F. App'x. 373, 374 (5th Cir. 2015); *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 241 (5th Cir. 2014); *Whittier v. Ocwen Loan Servicing, L.L.C.*, 594 F. App'x. 833, 836 (5th Cir. 2014).  Furthermore, the required actual damages must be *independent* of any costs of litigation or statutory damages that the plaintiff may have suffered or to which he may be entitled.  *See Whittier*, 594 F. App'x at 836 (affirming a district court determination that "attorney's fees and expenses of litigation . . . cannot, as a matter of law, satisfy the actual damages requirement of a RESPA claim" because "RESPA allows for fees and expenses *in addition* to actual damages").

Prescott has not pled any actual damages with any specificity.  (Case No. 17-01007, ECF 6 at 2, 26).  Prescott claims that he was forced to file a second chapter 13 bankruptcy case "to prevent foreclosure and to file this adversary proceeding to determine the amount of Wells Fargo's claim, if any and resolve other issues."  However, the Fifth Circuit has held that these types of litigation expenses alone do not satisfy the requirement of actual damages, since RESPA § 2605(f) provides for recovery of litigation costs *in addition to* actual damages.  *See Whittier v. Ocwen Loan Servicing, L.L.C.*, 594 F. App'x. 833, 836 (5th Cir. 2014) (affirming that "attorney's fees and expenses of litigation . . . cannot, as a matter of law, satisfy the actual damages requirement of a RESPA claim").  Accordingly, Prescott has failed to state a claim under RESPA.

## II. TILA

The purpose of TILA is to ensure that prior to entering a credit transaction or obligating herself under a loan, a potential borrower is provided with accurate and meaningful information about credit terms, rates, fees, and the like.  15 U.S.C. § 1601 et seq.  To serve this purpose, TILA typically requires that creditors make certain disclosures "before consummation of the transaction."  12 C.F.R. § 226.17; *see Lea v. Buy Direct, L.L.C.*, 755 F.3d 250, 253 (5th Cir. 2014).  If a creditor fails to comply with this requirement, "successful plaintiffs may recover statutory damages against violators of TILA."  *Lea*, 755 F.3d at 253; *see* 15 U.S.C. § 1640(a)(2)(A).

In the present case, Prescott has failed to point to any particular disclosure requirement of TILA that Wells Fargo may have violated.  Prescott alleges that "Wells Fargo's failure to respond appropriately and to provide correct information to Plaintiff's counsel's Request for Information violates both 12 U.S.C. § 2605(e)(1) (RESPA) and 15 U.S.C. §1641(f)."  Section

1641(f) of TILA discusses the transferability of liability to assignees of consumer obligations from original lenders.  It does not, however, create any particular cause of action applicable under the circumstances of this case.  Additionally, in its Notice of Final Rulemaking regarding TILA (which is the focus of Prescott's complaint), the Bureau of Consumer Financial Protection, does not create a cause of action independent from Prescott's RESPA claim under these circumstances.  *See* 78 FR 10901.  Finally, Prescott alleges no facts that could support a claim that Wells Fargo violated provisions of TILA, which articulates pre-transaction disclosure standards for lenders.  See 15 U.S.C. § 1638.  Accordingly, Prescott has not sufficiently pled a cause of action entitling him to relief under TILA.

Based on the foregoing, this Court grants Wells Fargo summary judgment on Prescott's RESPA and TILA violation claims.

### Conclusion

The Court will issue a Judgment consistent with this Memorandum Opinion.

SIGNED **April 19, 2018.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE