

ENTERED
04/26/2019

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| DONALD R PRESCOTT; dba PRESCOTT § | CASE NO: 17-10199 | |
| Debtor § | | |
| § | CHAPTER 13 | |
| § | | |
| DONALD R. PRESCOTT § | | |
| Plaintiff § | | |
| § | | |
| VS. § | ADVERSARY NO. 17-01007 | |
| § | | |
| WELLS FARGO BANK, N.A. § | | |
| Defendant § | | |

## MEMORANDUM OPINION

Donald R. Prescott filed his second chapter 13 bankruptcy case on May 31, 2017 and initiated an adversary proceeding against Wells Fargo Bank, N.A. (ECF. No. 1). Mr. Prescott's complaint alleges that Wells Fargo committed willful violations of the automatic stay. (ECF No. 40 at 3–4). The Court entered a scheduling order in Mr. Prescott's adversary proceeding, which established July 30, 2018, as the deadline to join additional parties. (*See* ECF No. 31).

Mr. Prescott's wife, Shelli Prescott, filed a motion to intervene in this adversary proceeding on September 24, 2018. (*See* ECF No. 36). Ms. Prescott's motion argues that she has a right to intervene under Federal Rule of Bankruptcy Procedure 7024(a) and (b), based on her marital rights in the home, as well as her own individual causes of action against Wells Fargo. (ECF No. 36 at 4–5).

Ms. Prescott's motion to intervene is denied.

## Background[1]

Mr. Prescott purchased a home in Harlingen, Texas (the "Property") on May 19, 2008. (ECF No. 40 at 2). To facilitate the purchase, Mr. Prescott executed a Promissory Note for $115,090.00 payable to Franklin American Mortgage Corporation along with a corresponding Deed of Trust that secured Franklin American's interest in the home. (ECF No. 40 at 2). The Deed of Trust listed Mr. Prescott as an "unmarried man." (ECF No. 40 at 2). Franklin American later assigned its interest in the Note and Deed of Trust to Wells Fargo, which currently holds both. (ECF No. 40 at 2).

Seven months after Mr. Prescott purchased the Property, he married Shelli Prescott in January 2009. (ECF No. 42 at 2). Mr. Prescott defaulted on his payment obligations under the Note but agreed to a loan modification with Wells Fargo in February 2010. (ECF No. 40 at 3). Mr. Prescott again, but incorrectly, indicated that he was an "unmarried man" in the loan modification documents. (ECF No. 40 at 3).

Despite the loan modification, Mr. Prescott struggled to remain current on the Note and filed chapter 13 bankruptcy on November 29, 2010. (*See* Case No. 10-10817; ECF No. 1). Mr. Prescott's bankruptcy petition did not list a co-debtor spouse. (*See* Case No. 10-10817; ECF No. 1). Wells Fargo filed a proof of claim in Mr. Prescott's first bankruptcy case, asserting a right to payment of $127,987.38 secured by the Property. (Case No. 10-10817; Proof of Claim No. 5). Mr. Prescott's chapter 13 plan was confirmed, he completed all payments due under the plan, and he was issued a discharge on January 6, 2017. (Case No. 10-10817; ECF Nos. 79, 82 at 1). Mr. Prescott's chapter 13 plan cumulatively paid Wells Fargo $67,531.41 in principal, interest, and arrears. (Case No. 10-10817; ECF No. 82 at 2).

---

[1] The following background section is intended to provide context and does not constitute findings of fact by the Court.

After the completion of his bankruptcy case, Mr. Prescott alleged that he experienced difficulties making payments on the Note to Wells Fargo, despite receiving his discharge. (ECF No. 1 at 8). Prescott's difficulties were allegedly compounded by Wells Fargo's failure to properly credit his account with payments from his first bankruptcy case. (ECF No. 1 at 9). After Wells Fargo issued a notice of default and demand, Mr. Prescott filed his second chapter 13 bankruptcy petition on May 31, 2017. (*See* Case No. 17-10199; ECF No. 1). Mr. Prescott's second petition was also filed as an individual debtor. Although, he disclosed that he was married and listed Ms. Prescott as his spouse, he did not list her as a co-debtor. (*See* Case No. 17-10199; ECF No. 1). Wells Fargo filed a proof of claim in Mr. Prescott's second bankruptcy, asserting a secured claim of $118,490.57, which was later amended to $117,436.04. (*See* Case No. 17-10199; Proof of Claim Nos. 1-1, 1-2).

Mr. Prescott then filed his complaint in this adversary proceeding which objected to Wells Fargo's claim, sought to determine the extent and validity of Wells Fargo's lien, and alleged various violations of the automatic stay, discharge injunction, and fair debt collection laws. (ECF No. 1 at 13–24).

## **Motion to Intervene**

Ms. Prescott filed her motion to intervene on September 24, 2018. Ms. Prescott seeks to intervene as a party of interest in this adversary proceeding under Federal Rule of Bankruptcy Procedure 7024. (ECF No. 36 at 3). Ms. Prescott alleges that her status as Mr. Prescott's spouse and her monetary contributions to the marital estate have given her an interest in the Property and standing in this adversary proceeding. (ECF No. 36 at 4). Ms. Prescott also seeks to intervene in order to recover damages she allegedly sustained from Wells Fargo's purported violations of the automatic stay. (ECF No. 36 at 5).

Wells Fargo opposes Ms. Prescott's motion, based on her lack of standing to intervene in this litigation. (ECF No. 40 at 6–7). Wells Fargo also asserts that Ms. Prescott's intervention is untimely under the Court's scheduling order and prejudicial to Wells Fargo. (ECF No. 40 at 7). Finally, Wells Fargo claims that denying Ms. Prescott's motion would not cause her undue prejudice because her claims are barred by state statute of limitations and do not present unusual circumstances worthy of intervention. (ECF No. 40 at 7–8).

## Jurisdiction

The District Court has jurisdiction over this proceeding under 28 U.S.C. § 1334(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), and (O). Pursuant to 28 U.S.C. § 157(a), this proceeding has been referred to the Bankruptcy Court by General Order 2012-6.

## Analysis

### Standing to Intervene

Wells Fargo first challenges Ms. Prescott's standing to intervene in this dispute. (ECF No. 40 at 11). Wells Fargo bases its allegation on the fact that Ms. Prescott is not a party to Mr. Prescott's contract with Wells Fargo and that the Property is his separate property since it was purchased before their marriage. (ECF No. 40 at 8–11). Ms. Prescott counters that she has standing through her homestead rights in the Property, spousal interests created by the Texas Family Code, and as a potential claimant under the Fair Debt Collection Practices Act. (ECF No. 42 at 3–9).

A party must establish three requirements to satisfy standing under Article III: (i) suffering injury "in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (ii) the injury is traceable to the challenged action of the defendant;

and (iii) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000). In the context of bankruptcy proceedings, standing is limited to parties in interest "whose pecuniary interest are directly affected by the bankruptcy proceedings." *Orix Capital Mkts. v. Rafizadeh (In re Cyrus II P'ship)*, 358 B.R. 311, 315 (Bankr. S.D. Tex. 2007) (quoting *In re Hutchinson*, 5 F.3d 750, 756 (4th Cir. 1993)).

Mr. Prescott's complaint against Wells Fargo alleges breaches of his chapter 13 plan and cure order, negligent servicing of his note, and violations of the automatic stay. (*See* ECF No. 48 at 3–6). At the heart of Mr. Prescott's complaint is his attempt to correct the alleged "overstated proof of claims" and prevent Wells Fargo's collection of "excessive amounts within [Mr. Prescott's] Chapter 13 Case." (ECF No. 48 at 2). Accordingly, Ms. Prescott must demonstrate that her pecuniary interests will be "directly affected" if she is unable to participate in the litigation between Mr. Prescott and Wells Fargo. *See id.*

Ms. Prescott alleges that she has standing to intervene based on her "community property interest in the marital estate, including all claims and causes of action arising after marriage." (ECF No. 36 at 7). Under Texas law, separate property is property "owned or claimed before marriage." Tex. Fam. Code Ann. § 3.001(1). It is undisputed that the Property was purchased solely by Mr. Prescott in May 2008 prior to his marriage in 2009, rendering it Mr. Prescott's separate property. (ECF No. 42 at 3).

Yet, Ms. Prescott claims to have made payments to help satisfy the debt on the Property during her marriage to Mr. Prescott. (ECF No. 42 at 3). These contributions could give Ms. Prescott a statutory claim for reimbursement against Mr. Prescott. Tex. Fam. Code Ann. § 3.402(3). Mr. Prescott's pending litigation with Wells Fargo seeks to determine the correct debt

owed on the Property. If Mr. Prescott is successful, the debt will be reduced and proportionately increase Ms. Prescott's potential reimbursement claim. If he fails, the debt will increase, decreasing her rights. This provides Ms. Prescott with a pecuniary interest in the litigation based on her marital right of reimbursement and standing to pursue claims against Wells Fargo. *See Cyrus II P'ship*, 358 B.R. at 315.

Although a reimbursement claim may provide Ms. Prescott with standing, the Court also recognizes the tenuous nature of a such a claim. Under Texas law, a reimbursement claim comes into existence only upon the dissolution of marriage or the death of a spouse. TEX. FAM. CODE ANN. § 3.404(b). Ms. Prescott's pleadings do not indicate that either of these conditions has been satisfied, which calls into question her ability to use a reimbursement claim to establish standing in this case.

However, the Bankruptcy Code provides Ms. Prescott with a second avenue to achieve standing. Ms. Prescott's damages are predicated on Wells Fargo's alleged violations of the automatic stay in Mr. Prescott's bankruptcy case. (ECF No. 48 at 3). The Bankruptcy Code states that "an *individual* injured by any willful violation of a stay provided by this section shall recover actual damages . . . ." 11 U.S.C. § 362(k) (emphasis added). The plain text of the statute grants standing to parties other than the debtor to pursue stay violations. § 362(k); *St. Paul Fire & Marine Ins. Co. v. Labuzan*, 579 F.3d 533, 543 (5th Cir. 2009). Ms. Prescott has argued that she incurred individual damages as a result of Wells Fargo's stay violations. (ECF No. 42 at 2). Accordingly, § 362(k) grants her standing to pursue those claims.

Intervention as a Matter of Right

Having established that Ms. Prescott has standing to pursue a claim against Wells Fargo, the Court addresses whether Ms. Prescott may intervene in this adversary as a matter of right.

Ms. Prescott alleges that she has satisfied the requirements of Federal Rule of Bankruptcy Procedure 7024 because she has an interest in Mr. Prescott's claims, which would be inadequately represented without her participation. (ECF No. 36 at 5). Wells Fargo argues that Ms. Prescott's intervention is untimely and prejudicial at this stage of the litigation. (ECF No. 40 at 7).

Federal Rule of Civil Procedure 24(a) is applicable to bankruptcy proceedings. *See* FED. R. BANKR. P. 7024. Rule 24(a)(2) allows a party to intervene if: (i) the intervention is timely, (ii) the movant has an interest in the property which is the subject of the action, (iii) resolution of the action would impair the movant's ability to protect their interest, and (iv) the movant's interest is inadequately represented by existing parties. *United States v. Franklin Par. Sch. Bd.*, 47 F.3d 755, 756 (5th Cir. 1995). If a movant fails to satisfy each of the four the elements in question, "intervention as of right must be denied." *Graham v. Evangeline Par. Sch. Bd.*, 132 F. App'x 507, 511 (5th Cir. 2005) (citing *Franklin Par. Sch. Bd.*, 41 F.3d at 756)).

*Timeliness*

Ms. Prescott suggests that her motion was timely filed because it does not "involve any new causes of action" and "discovery has not yet concluded." (ECF No. 36 at 6). Wells Fargo counters that Ms. Prescott knew of her claims prior to the commencement of this adversary proceeding and that the deadline to join additional parties has elapsed under the Court's scheduling order. (ECF No. 40 at 6).

Timeliness is determined by examining: (i) the amount of time when a movant knew of her interest before attempting to intervene, (ii) prejudice to existing parties from the movant's failure to apply for intervention as soon as she knew of her interest, (iii) prejudice to the movant

if the intervention is denied, and (iv) unusual circumstances affecting the timeliness of the motion. *Stallworth v. Monsanto Co.*, 558 F.2d 257, 264–66 (5th. Cir. 1977).

Ms. Prescott's sole justification for the timeliness of her motion to intervene is that her motion was filed prior to the close of discovery. (ECF Nos. 36 at 6; 66 at 13). The motion to intervene itself claims that "during the course of discovery it has become apparent that [Ms. Prescott], Plaintiff's non-debtor wife has incurred damages based on claims asserted by [Mr. Prescott] against Wells Fargo." (ECF No. 36 at 3). This assertion places the discovery of Ms. Prescott's interest in a time period ranging from the beginning of discovery in December 2017, to September 24, 2018, when Mrs. Prescott filed her motion to intervene. (*See* ECF No. 29 at 1). Had Ms. Prescott learned of the injury early in discovery and prior to the passing of the deadline to join additional parties on July 30, 2018, her motion to intervene would be untimely. Conversely, discovery of her injury after the July deadline would favor the timeliness of her motion. As the movant, Ms. Prescott bears the burden of demonstrating that her motion was timely filed. However, her conclusory assertion that her motion was timely filed fails to provide the Court with sufficient information to determine whether she satisfied the first element of timeliness. *Stallworth*, 558 F.2d at 264. This factor weighs in favor of Wells Fargo.

The second element of timeliness considers the prejudice to non-intervening parties that occurred from the movant's failure to promptly intervene. *Id.* Wells Fargo argues that Ms. Prescott's alleged untimely intervention is prejudicial to its interests because important deadlines for dispositive motions and discovery have lapsed or are close to lapsing under the Court's scheduling order. (ECF No. 40 at 7). The Court agrees that allowing Ms. Prescott to amend her petition at this point would prejudice Wells Fargo given the tight deadlines. While an extension of those same deadlines could cure some of the prejudice to Wells Fargo, the context of the

intervention within this suit matters. The current adversary proceeding between Mr. Prescott and Wells Fargo began in September 2017. (ECF No. 1). In the subsequent year and a half, the parties filed numerous dispositive motions and conducted extensive discovery in anticipation of trial. (ECF No. 40 at 7). Adding Ms. Prescott's allegations to this case at this late stage would force Wells Fargo to spend additional resources and time investigating Ms. Prescott's alleged damages. Proving these damages at trial would also require the presentation of expert testimony to establish causation, adding another layer of complexity to this litigation. (ECF No. 58 at 17). Importantly, Ms. Prescott's intervention would also delay a prompt adjudication of Mr. Prescott's claim, prolonging his bankruptcy proceeding, which began in 2010 when he filed his first case. Given the prejudice to the existing parties in this litigation, this factor weighs against granting Ms. Prescott's motion to intervene.

The third factor under *Stallworth* weighs the prejudice to the movant if the intervention is denied. 558 F.2d at 264. Ms. Prescott claims that "disposition of [Mr. Prescott's] claims without addressing damages asserted by [Ms. Prescott] could impede her rights." (ECF No. 36 at 6). Wells Fargo purports that Ms. Prescott will not experience any prejudice because she lacks standing and her alleged claims are fatally flawed based on the statute of limitations and the absence of a duty owed to Ms. Prescott. (ECF No. 40 at 7–8).

As detailed earlier, Ms. Prescott has standing to intervene under § 362(k), which eliminates a portion of Wells Fargo's argument. Yet, to date, the only information Ms. Prescott has presented is that she "incurred damages based on claims asserted by [Mr. Prescott] against Wells Fargo." (ECF No. 36 at 3). From this statement alone, the Court is unable to conclude that denying intervention would prejudice Ms. Prescott's claims.

A valid claim is a prerequisite for a movant to experience prejudice. To date, Ms. Prescott's motion and subsequent pleadings have failed to sufficiently detail her alleged damages from Wells Fargo's conduct. Her motion to intervene states only that she has experienced "emotional distress and mental anguish." (ECF No. 36 at 3). Subsequent pleadings include the same information: "mental anguish, emotional distress and physical manifestations." (ECF No. 66 at 11). These conclusory statements are devoid of any support and detail, calling into question Ms. Prescott's factual development of these claims and her ability to support her allegations at trial. Under Fifth Circuit precedent, a plaintiff alleging emotional damages for violations of the automatic stay under § 362(k) must allege "'specific information' concerning the damages caused by [her] emotional distress rather than relying on 'generalized assertions.'" *Young v. Repine (In re Repine)*, 536 F.3d 512, 521–22 (5th. Cir. 2008) (quoting *Fleet Mortg. Grp., Inc. v. Kaneb*, 196 F.3d 265, 269 (1st Cir. 1999)). The speculative nature of Ms. Prescott's damages claim, and lack of support also favor concluding that she will not be prejudiced if her motion to intervene is denied.

Even if the Court ignores the lack of detail or support for Ms. Prescott's claims and assumes they are facially valid, she could still pursue these damages in a separate suit. Ms. Prescott's assertion that her rights may be impeded if Mr. Prescott's claims were independently adjudicated fails to provide a compelling explanation for the prejudice she may experience. Ms. Prescott has not alleged independent causes of action against Wells Fargo. Instead, she has based her damages on Mr. Prescott's claims. (ECF No. 36 at 3). There is no indication that her interests in vindicating Mr. Prescott's claims will not be fully pursued by Mr. Prescott. Indeed, Mr. and Ms. Prescott are represented by the same attorney, and she has advised the Court that she does not intend to provide new evidence in support of Mr. Prescott's causes of action. (ECF

No. 66 at 18). Thus, an adjudication of Mr. Prescott's claims will have no untoward effect on her alleged damages. Either Mr. Prescott's claims are vindicated, and she may proceed with her damages claim. Or, his claims are denied, and she may not. The result for Ms. Prescott remains the same whether or not her motion to intervene is granted. In sum, denying Ms. Prescott's motion to intervene will cause her minimal prejudice, weighing against her motion.

The final *Stallworth* factor examines whether special circumstances exist that favor intervention. 558 F.2d at 264. The parties do not indicate that any such factor exists.

Ms. Prescott failed to carry her burden of establishing the *Stallworth* factors in her motion to intervene. A movant seeking intervention as a matter of right must establish all four elements of Rule 24(a)(2), including timeliness. *See St. Bernard Par. v. Lafarge N. Am., Inc.*, 914 F.3d 969, 974 (5th Cir. 2019) (citing *Edwards v. City of Houston*, 78 F.3d 893, 999 (5th Cir. 1996)). Thus, the Court denies Ms. Prescott's motion to intervene as a matter of right for failure to prove timeliness.

Permissive Intervention

Ms. Prescott alternatively asserted a right to permissive intervention under Federal Rule of Bankruptcy Procedure 7024(b). (ECF No. 36 at 7). However, permissive intervention under Federal Rule of Civil Procedure 24(b), also requires that the intervention is timely. *See St. Bernard Par.*, 914 F.3d at 976. As described above, Mrs. Prescott's motion was not timely filed. Accordingly, her motion for permissive intervention is also denied.

**Conclusion**

The Court will issue an Order consistent with this Memorandum Opinion.

SIGNED **April 26, 2019.**

                                              Marvin Isgur
                                UNITED STATES BANKRUPTCY JUDGE